396 A.2d 110.

STATE *v.* JOSEPH T. SMITH.

JANUARY 9, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J. The defendant was convicted in the Superior Court on two counts of robbery and one count of carrying a firearm while committing a crime of violence. A motion for a new trial was filed March 2, 1976, and denied March 15, 1976. On May 5, 1976, defendant was sentenced to serve 5 years at the Adult Correctional Institutions. The defendant comes before this court on appeal from the judgment of conviction. The sole thrust of the appeal, however, is based upon the failure of the Superior Court to grant a motion to suppress a pretrial identification procedure, namely, a lineup which took place at the Providence Police Station on July 13, 1975.

A review of the testimony presented at the suppression hearing reveals that on July 12, 1975 a robbery took place at the Star Pharmacy in Providence. An employee at the Star Pharmacy testified that she was able to see the robber's face for a brief interval before it was covered with a ski mask. She described the robber to the police as a white male, 5 feet 9 inches tall, with long blond hair, who was wearing a dirty dungaree jacket, dirty dungaree trousers and a paint brown shirt. This description was set forth in a police report of the incident which the arresting officer read as part of his routine duty.

On July 13, 1975, defendant came to the Providence Police Station along with a cab driver with whom defendant had been involved in an altercation. The defendant was not under arrest at the time of his arrival. Indeed, he was in the position of acting as a potential complainant and related that he had been robbed of the sum of $5,000 by an unidentified man who had entered and then left the cab.

As the colloquy proceeded between defendant and the arresting officer, the officer found defendant's answers to be inconsistent and evasive. The defendant changed his story regarding the sum of money which had been taken from him, and he ultimately fixed on an amount of approximately $240. The officer at this point also noted that defendant matched

the general description of the perpetrator of the robbery at the Star Pharmacy, that defendant had recently come into the state from Florida, and that the sum of money to which he had made reference was very close to the sum of money which had been taken in the robbery. All of these factors taken together caused the officer to believe that defendant had committed this crime. Accordingly, the officer advised the sergeant of this belief and was instructed to take defendant into custody and advise him of his rights concerning interrogation and lineup identification procedure. Admonitions, including reference to the right to have an attorney present at a lineup, where given to defendant as set forth on a so-called "rights form" which was referred to and considered by the trial justice during the course of the suppression hearing. Ten or fifteen minutes after his arrest, defendant was placed in a lineup with three other individuals and was identified by the principal complaining witness, the employee from the Star Pharmacy. The defendant moved to suppress this identification, and the pretrial hearing was held. At the subsequent trial, the prosecution introduced evidence of the pretrial lineup identification through the employee, who also made an in-court identification of defendant as the individual who robbed the Star Pharmacy.

The trial justice denied defendant's motion to suppress the lineup identification, finding that the arrest of defendant had been based on probable cause and that the lineup procedures were "not at all suggestive" and not in violation of the requirements of due process. He found further that defendant had waived his right to counsel at the time of the lineup as indicated on the waiver-of-rights form.[1]

The defendant argues on appeal that the motion to suppress should have been granted because the lineup pro-

---

[1]The trial justice was not called upon to determine whether a right to counsel in connection with this lineup procedure actually existed under the doctrine of *United States v. Wade*, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967) as interpreted in *Kirby v. Illinois*, 406 U.S. 682, 92 S. Ct. 1877, 32 L. Ed. 2d 411 (1972). *See State v. Ragonesi*, 112 R.I. 340, 309 A.2d 851 (1973).

cedure was the fruit of an illegal arrest. *Davis* v. *Mississippi,* 394 U.S. 721, 89 S. Ct. 1394, 22 L. Ed. 676 (1969); *Wong Sun* v. *United States,* 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 441 (1963). He contends that his arrest was illegal because the arresting officer lacked probable cause at the time of arrest to believe that defendant had committed the robbery at Star Pharmacy. The defendant further argues that the prosecution utilized the pretrial identification in order to buttress its in-court identification, therefore requiring a reversal of his conviction without considering the presence or absence of an independent source. *See Moore* v. *Illinois,* 434 U.S. 220, 98 S. Ct. 458, 54 L. Ed. 2d 424 (1977); *Gilbert* v. *California,* 388 U.S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178 (1967). As a result, the pivotal question in this case is the presence or absence of probable cause at the time of the arrest.

Probable cause has been held to exist where the facts and circumstances within the knowledge of the officers and of which they had reasonably trustworthy information were sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed and that the defendant has committed it. *Ker* v. *California,* 374 U.S. 23, 83 S. Ct. 1623, 10 L. Ed. 2d 726 (1963); *Draper* v. *United States,* 358 U.S. 307, 79 S. Ct. 329, 3 L. Ed. 2d 327 (1959); *Brinegar* v. *United States,* 338 U.S. 160, 69 S. Ct. 1302, 93 L. Ed. 1879 (1949); *State* v. *Soroka,* 112 R.I. 392, 311 A.2d 45 (1973); *State* v. *Dufour,* 99 R.I. 120, 206 A.2d 82 (1965). The cases are virtually unanimous in their holding that in determining probable cause, the court's duty is to view the circumstances in the context of the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. *Brinegar* v. *United States, supra,* 338 U.S. at 175, 69 S. Ct. at 1310, 93 L. Ed. at 1890; *State* v. *Duffy,* 112 R.I. 276, 308 A.2d 796 (1973). An arresting officer in the field may rely on departmental knowledge which comes to him through official channels. *Duffy, supra.*

Although the court below found probable cause to exist,

and although this court does not sit as in *nisi prius* to appraise contradictory factual questions, it is necessary for this court to make an independent examination of the facts, the findings and the record so that it can determine for itself whether the constitutional criteria have been properly respected. *Ker* v. *California, supra.*

In prior cases such as *Ker* and *Brinegar,* both *supra,* and *Caroll* v. *United States,* 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1953), the Supreme Court has permitted officers to draw inferences which a trier of fact could not use in order to achieve a determination of guilt at trial. For example, in *Brinegar* the officers apprehended the defendant while his motor vehicle was proceeding on a route between Joplin, Missouri, and Vinita, Oklahoma on the belief that he was transporting alcoholic beverages into a state where such beverages were not permitted. This belief was based upon his prior activities in the field and the officers' noticing that the vehicle was "weighted with something."

In belief that this defendant was the perpetrator of the robbery at the Star Pharmacy. We believe this information to be far more substantial than that upon which the Supreme Court in *Brinegar* based a determination that the Federal District Court had been wrong in not finding probable cause. We therefore determine that the trial justice was correct in finding probable cause for the arrest.

In his brief and argument the defendant does not assert any ground for appeal except the denial of his motion to suppress evidence of the pretrial identification procedure as the fruit of an illegal seizure of his person. The defendant's challenge to the lineup is based wholly upon his contention that probable cause for his arrest was lacking. Having found that probable cause did exist, we find there is no basis for further review of either the lineup procedure or the in-court identification upon which the defendant's conviction rests.

Therefore, the defendant's appeal is denied and dismissed, the judgment of conviction is affirmed, and the case is remitted to the Superior Court.

*Julius C. Michaelson,* Attorney General, *John S. Foley,* Special Assistant Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Barbara Hurst and John A. MacFadyen III,* Assistant Public Defenders, for defendant.